Mr. Chief Justice Shepard,
dissenting:
I cannot concur in the decision which overrules three former decisions of this court. McAleer v. Schneider, 2 App. D. C. 461; Bradford v. Matthews, 9 App. D. C. 438; Crenshaw v. McCormick, 19 App. D. C. 494. The near approach of the ¡summer recess permits but a brief statement of my reasons. The statute 32 Hen. VIII. prevailed in this District without ■qualification until the act of Congress of 1887. The settled rule was that under this statute a will devising land (regarded ¡as a conveyance) spoke from the date of its execution, and not from the death of the testator. Consequently, it did not-pass ¡after-acquired lands. This statute, the construction of which was founded on the ancient rule as to seisin that has long since ■passed away, has been amended or changed in our States in ■varying forms of language. Such statutes have always been interpreted with more or less liberality. The old statute was advisedly changed in England by the statute of 1 Victoria, chap. 26, which declared that wills of real estate shall be construed to speak and take effect as if executed immediately before the •death of the testator, unless a contrary intention shall appear by *363 the wilL Under that statute this will would undoubtedly pass the after-acquired land. The act of Congress off January 17, 1887, making the first change in the law of this District, was «essentially different in its language. By it a will devising real estate operates as a devise of lands acquired after its execution, if it shall appear therefrom “that it was the intention of the testator to devise property acquired after the execution of the ■will.”
In Bradford v. Matthews, 9 App. D. C. 438, the language of the will was as broad in its terms as the will in the present ■case. In holding that the intention was not expressed under the statute, Mr. Chief Justice Alvey said (p. 443) : “It is not necessary that there should be express terms employed in the will, in order to carry after-acquired real estate. But there must be either express terms employed or such reasonable intendment or implication from the context of the whole will as to leave no reasonable doubt as to the intention of the testator. [Citing and quoting from Wilkins v. Allen, 18 How. 385—392, 15 L. ed. 396-399.] ‘The intention must be manifest, and rest ■on something more certain than conjecture. The court must proceed on known principles and established rules, not on loose conjectural interpretation, nor considering what a man may be imagined to do in the testator’s circumstances. * * * ’ As will "be observed, there is nothing in the provisions of the will referred to that would furnish the slightest intimation that the testator intended the will to operate upon after-acquired real •estate.
“The language employed is quite applicable to the real estate of the testator owned by him at the date of the will, and it is no more comprehensive than that which would or might b.ave been used if he had intended only to devise what he then ■owned, or possessed. There is therefore no reasonable ground .furnished by the context of the will for extending its provisions to after-acquired real estate. The terms of the will are fully gratified by the property owned by the testator at the date of the will, and there is nothing that justified the supposed implication that it was intended to have a larger operation, so as to *364 embrace future acquisitions of real estate. It must be made to appear affirmatively by the terms or provisions of the will, according to the terms of the statute, that it was the intent of the testator to devise property acquired after the execution of the will. In this case there is nothing to indicate such intention.” The learned chief justice reiterated these views in the later case of Crenshaw v. McCormick, 19 App. D. C. 494—500. The will, in that case, after certain legacies, disposed of the residue of her estate in these words: “All the rest of my estate, and the residue of it,’ of every description whatever, real, personal, and mixed, I give, devise, and bequeath to my sister Mrs. Elizabeth Eicarda Orenshaw, to have and to hold the same absolutely and in fee simple,” constituting her executrix without security. Attention is called to the change made by the Code of 1902, which in meaning is similar to the statute of 1 Vict. chap. 26, enacted in 1837.
The case of Hardenbergh v. Ray, 15 U. S. 112, 38 L. ed. 93, 14 Sup. Ct. Rep. 305, in supposed conformity with which my brethren have reversed the decree and overruled the former decisions of the court, was cited in the argument of Crenshaw v. McCormick; and while not commented on in the opinion, was regarded as not controlling. The case involved the construction of a statute of the State of Oregon that had been copied from the Code of the State of Missouri, and followed the construction given it by the courts of those States. The statute simply put wills of real estate on the same foundation as wills of personalty, which under the statutes of 32 Hen. VIII., spoke from the death of the testator. No special intention was required, as in the act of 1887, to make the will so speak. Consequently, any will containing a general residuary clause, or general- devise of all of the testator’s real property, sufficient under the old law to pass all real estate possessed at the time of its execution, would pass all after-acquired real estate as well. The general expressions of the learned justice who delivered the opinion of the court in Hardenbergh v. Ray, and which are quoted in the majority opinion, must be taken as relating to the case before the court, and expressing nothing *365 more than wbat h.as been said. the amendment of the Code covers the ease of a will like this, made after J anuary 1, 1902, but leaves the act of 1887 in force as to all wills executed between that date and January 17, 1887.
In my judgment, the decision of my brethren extends the latter provision of the Code to wills made before its adoption, and savors somewhat, therefore, of judicial legislation. Believing that the decree should be affirmed, I respectfully dissent from that ordered to be entered.